IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**VINCENT LEE WALKER,**

    **Plaintiff,**

    v.                                                                                          CASE NO. 20-3117-SAC

**STATE OF KANSAS, et. al,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. (Doc. 5.) Plaintiff is housed at the Douglas County Jail in Lawrence, Kansas ("DCJ"). On September 3, 2020, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 6) ("MOSC") granting Plaintiff until September 30, 2020, in which to show good cause why his Complaint should not be dismissed. The MOSC was returned an undeliverable (Doc. 7) and remailed by the Court. Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why his Complaint should not be dismissed.

Plaintiff alleges in his Complaint (Doc. 1) that he was sentenced to serve six months in custody and six months of probation. Plaintiff alleges that after serving seven months in custody he was released on probation. Plaintiff alleges that a probation violation was issued almost a month after he was supposed to be released from probation. Plaintiff is now in jail for the probation violation which resulted in several new charges. Plaintiff alleges that his probation officer mistakenly issued a probation violation after his probation was completed. Plaintiff names as defendants: the State of Kansas; Jeremy Bryant, probation officer; and Paula B. Martin, retired judge. Plaintiff seeks monetary damages.

The Court found in the MOSC that before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994).  If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*.  In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 487.  In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order.  *Id*. at 486–87.  Plaintiff has not alleged that the conviction or sentence has been invalidated.

The Court also found that the State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment; Plaintiff's claims against the state court judge should be dismissed on the basis of judicial immunity; and Plaintiff has not alleged that Defendant Bryant was acting other than as an arm of the court.  When the challenged activities of a probation officer are intimately associated with the judicial phase of the criminal process, they are entitled to absolute immunity.  *Tripati v. U.S.I.N.S.*, 784 F.2d 345, 348 (10th Cir. 1986) (finding that probation officers who assist in the decision whether to order pretrial release and in the selection of an appropriate sentence are an important part of the judicial process and entitled to immunity).

Plaintiff has failed to respond to the Court's MOSC by the deadline and has failed to show good cause why his Complaint should not be dismissed. The MOSC provides that "[f]ailure to respond may result in dismissal of this action without further notice for failure to state a claim." (Doc. 6, at 6.)

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

Dated October 5, 2020, in Topeka, Kansas.

>   <u>s/ Sam A. Crow</u>
>   **Sam A. Crow**
>   **U.S. Senior District Judge**